```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 10-22128-CIV-HUCK
                                   MAGISTRATE JUDGE P.A. WHITE
```

LEIGHTON F. BARRETT,              :

     Plaintiff,              :

v.                                :        REPORT
                                                                           OF MAGISTRATE JUDGE
WARDEN, MIAMI FDC, ET AL.,        :

     Defendants.             :
_____

## I. Introduction

The plaintiff, Leighton F. Barrett, while confined in McCrae Correctional Institution, has filed a pro se civil rights complaint pursuant to Bivens v Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)[DE #1]. The plaintiff is given leave to proceed in forma pauperis.[1]

This Cause is before the Court upon the initial screening of the complaint and memorandum pursuant to 28 U.S.C. §1915. (DE#1)

## II. Analysis

### A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

---

[1] Although an Order was entered requesting a fee or IFP, it will be presumed that the plaintiff is proceeding IFP as he has not paid the Clerk's $350.00 filing fee.

>             \*   \*   \*
>
>     (e)(2) Notwithstanding any filing fee, or
>     any portion thereof, that may have been paid,
>     the court shall dismiss the case at any time
>     if the court determines that –
>
>             \*   \*   \*
>
>     (B) the action or appeal –
>
>             \*   \*   \*
>
>     (i)  is frivolous or malicious;
>
>     (ii) fails to state a claim on which
>     relief may be granted; or
>
>     (iii) seeks monetary relief from a
>     defendant who is immune from such
>     relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v.

2

<u>Hernandez</u>, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  <u>Twombly</u> applies to §1983 prisoner actions.  See <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  <u>Id.</u>  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered

conclusion is the most plausible or whether it is more likely that no misconduct occurred.[2]

B. Facts of the case

The plaintiff alleges that he was incarcerated during 2009 in the Miami Federal Detention Center, during which time he was forced to receive an injection to prevent tuberculosis, despite his informing the intake nurse that he had received a permanent injection at an early date.

He alleges that within seventy- two hours after the injection he suffered prolonged pain, as well as itching and discomfort throughout the time he was incarcerated at the Miami Federal Facility, resulting in a scar the size of a quarter.

He claims that the Warden and other named defendants were deliberately indifferent to his needs by putting him at risk, and denied him due process. He seeks monetary relief and declaratory judgment.

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir.

---

[2] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

4

1999) (citation omitted). An Eighth Amendment claim contains both an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).  In this case the defendants were attempting to protect the plaintiff from a disease that is common in the prisons and extremely contagious. There was no deliberate indifference by these defendants.

Secondly, the Courts have held that due process does not prevent a prison official from forcing a prisoner to undergo treatment for tuberculosis. Dunn v Zenk, 2007 WL 2904170 (N.D. Ga), citing to  Martinez v Turner, 977 F.2d 423 (8th Cir. 1992). The prison oifficials have a legitimate interest in controlling the spread of tuberculosis. McCormick v Stalder, 105 F.3d 1059 (5th Cir. 1997)(due process does not prevent prison officials from forcing prisoner to undergo treatment for tuberculosis).

### III.   Conclusion

Based on the foregoing, it is recommended that this complaint be dismissed for failure to state a claim pursuant to 42 U.S.C. §1983 (e)(2)(B)(ii).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated at Miami, Florida, this 15th day of July, 2010.

                                                    _____
                                                    UNITED STATES MAGISTRATE JUDGE

cc:   Leighton F. Barrett, Pro Se
      Reg#04939-265
      McCrae Correctional Institution
      Address of record